# United States Court of Appeals for the Fifth Circuit

---

No. 22-50096
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

October 26, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Raymond Glynn Sanders, Jr.,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:21-CR-257-1

---

Before Wiener, Stewart, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Raymond Glynn Sanders, Jr., pleaded guilty to conspiracy to possess with intent to distribute, and conspiracy to distribute, a quantity of a mixture or substance containing a detectable amount of cocaine base. The district court determined that Sanders qualified as a career offender pursuant to

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-50096

U.S.S.G. § 4B1.1 and sentenced him within the advisory guidelines range to 188 months in prison. Sanders appeals his sentence.

Sanders asserts that the district court erred in classifying him as a career offender under § 4B1.1. He contends that the district court improperly found that his offense of conviction and his prior conviction for aiding and abetting the possession with intent to distribute cocaine base qualified as controlled substance offenses within the definition set forth in U.S.S.G. § 4B1.2, which does not specifically include inchoate crimes. *See* § 4B1.2(b). Sanders argues that the guidelines commentary, which provides that inchoate crimes *are* controlled substance offenses, should not be afforded deference in light of the Supreme Court's decision in *Kisor v. Wilkie*, 139 S. Ct. 2400 (2019). *See* § 4B1.2 cmt. n.1. The district court's construction and application of the Sentencing Guidelines are reviewed de novo. *United States v. Garza-Lopez*, 410 F.3d 268, 273 (5th Cir. 2005).

In *Stinson v. United States*, the Supreme Court held that the guidelines commentary is authoritative and entitled to deference unless it is inconsistent with, or a plainly erroneous reading of, the guidelines definition. 508 U.S. 36, 38 (1993). We recently rejected the contention that *Kisor* overruled or modified *Stinson*. *See United States v. Vargas*, 74 F.4th 673, 677-84 (5th Cir. 2023) (en banc). We held that conspiracies may constitute a controlled substance offense for the purposes of the career offender guidelines because the commentary involving inchoate offenses is not inconsistent with the guidelines definition. *Id.* at 684. Accordingly, Sanders's instant conspiracy conviction qualifies as a controlled substance offense. *See* § 4B1.2 cmt. n.1.

Further, Sanders's prior conviction for aiding and abetting the possession with intent to distribute cocaine base is a controlled substance offense under the guidelines definition itself. *See Vargas*, 74 F.4th at 678 n.6 (noting that "aiding and abetting" is not an inchoate crime). Thus, Sanders was correctly sentenced as a career offender. *See* § 4B1.1(a).

The judgment of the district court is AFFIRMED.